**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **MARK BRUNER**, *individually, and on behalf of others similarly situated*, | |
| Plaintiff, | |
| v. | **NO.** 1:22cv203HSO-BWR |
| **ROLLS-ROYCE MARINE NORTH AMERICA INC.** *a Massachusetts corporation,* | |
| Defendant. | **FLSA Collective Action** **JURY DEMANDED** |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

Named Plaintiff Mark Bruner ("Plaintiff"), individually, and on behalf of all others similarly situated, brings this Fair Labor Standards Act ("FLSA") collective action against the Rolls-Royce Marine North America Inc. ("Defendant") and alleges as follows:

### I.     NATURE OF SUIT

1. This lawsuit is brought against Defendant as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiffs and other similarly situated current and former hourly-paid production personnel employees, as defined herein.

2. During all times material, Defendant violated the FLSA by failing to pay Plaintiffs and those similarly situated for all hours worked over forty (40) per week within weekly pay periods at a rate equal to at least one and one-half their regular rate of pay.

3. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

1

## II.   PARTIES

4. Plaintiff was employed by Defendant as hourly-paid production personnel employee within this district within the last three (3) years. Plaintiff's consent to join form is attached as *Exhibit A*.

5. Defendant is a Massachusetts corporation. Defendant may be served via its registered agent: Corporation Service Company, 109 Executive Drive, Suite 3, Madison, Mississippi 39110.

## III.   JURISDICTION AND VENUE

6. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Plaintiff and the putative collective action members were employed by and performed work for Defendant in this district during all times material to this action.

## IV.   CLASS DESCRIPTION

8. Plaintiff brings this action on behalf of himself and the following similarly situated persons as a collective:

> All current and former hourly-paid production personnel employees of Defendant who worked at least on "full time" week at Defendant's Pascagoula, Mississippi facility during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiffs and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) (collectively, "the collective").

## V.   COVERAGE

9. At all times hereinafter mentioned, Defendant has been an "employer" of Plaintiff and the

collective within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). Defendant has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000.

12. At all times hereinafter mentioned, Plaintiff and the collective were "employees" of Defendant as that term is defined in the FLSA and were individual employees engaged in commerce or in the production of goods for commerce, as required by 29 U.S.C. §§ 206–207.

## VI.   FACTUAL ALLEGATIONS

13. Defendant operates a facility in Pascagoula, Mississippi where it manufactures most of the propulsion systems used by U.S. Navy ships, including aircraft carriers, destroyers and other vessels.

14. Plaintiff employs individuals in various different hourly-paid production personnel positions to manufacture said propulsion systems.

15. Plaintiff was employed by Defendant as hourly-paid production personnel employee from approximately 2012 until April of 2022.

16. Specifically, Plaintiff was employed as an hourly-paid CNC machinist.

17. Plaintiffs and the collective regularly worked in excess of forty (40) hours per within weekly pay periods during the three (3) years preceding the filing of this collective action complaint.

18. For example, before his employment ended, Mr. Bruner was working fifty (50) to sixty (60) hours per week for Defendant.

19. However, after the scheduled end time of their respective shifts, they are required to perform additional, compensable tasks for which they are not paid.

20. Specifically, Plaintiff and other production personnel are required to complete post-shift reports for which they are not paid.

21. There is a computer terminal in each area/department where Plaintiff and collective work.

22. At the end of the shift, Plaintiff and the collective each are required to clock-out, wait in line, and then complete said reports on this computer terminal.

23. As there is only one terminal per area, this often results in a line developing for which Plaintiff and the collective must wait in before they can finish said reports.

24. Plaintiff and the collective often wait in these lines for periods of ten (10) to twenty-five (25) minutes.

25. Then, once they are finally at the computer terminal, the required reports take an additional seven (7) to ten (10) minutes to complete per individual.

26. As such, Plaintiff and the collective are not paid for compensable time comprising of anywhere from seventeen (17) to thirty-five (35) minutes per shift.

27. As Plaintiff and the collective were/are already working forty (40) or more hours per week, this unpaid time is all compensable as overtime wages.

28. These claims are unified through a common theory of Defendant's FLSA violations.

29. Defendant knew and was aware it was not compensating Plaintiff and the collective for such "off-the-clock" work time.

30. As such, Defendant's failure to pay all lawfully due overtime wages was done willfully and/or done with reckless disregard to the FLSA.

31. Defendant's common plan, practice, and de facto policy of not compensating Plaintiff and the collective for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the FLSA, 29 U.S.C. § 207(a)(1).

32. As a result, Plaintiff and the collective have suffered lost wages in terms of lost overtime compensation as well as other damages.

33. Defendant has further unjustly enriched itself and enjoyed ill-gained profits at Plaintiff and the collective's expense.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff bring this case as a collective action on behalf himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and other damages owed.

35. Plaintiff seeks to pursue these unpaid overtime wage claims against Defendant on behalf of himself, individually, and on behalf of all other similarly situated production personnel employees as a collective.

36. Plaintiff and the collective are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common practice that resulted in a failure to them for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

37. This action is also properly maintained as a collective action because Plaintiff and the

collective are similarly situated with respect to Defendant's time keeping, pay practices, compensation plans, policies, and practices.

38. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

39. Plaintiff will fairly and adequately protect the interests of the collective as his interests are in complete alignment with those of class members, i.e., to pursue the aforementioned unpaid overtime compensation claims

40. Counsel for Plaintiff will adequately protect the collective's interests.

41. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

42. Plaintiff estimate there are several hundred putative members of the collective. The precise number of collective members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents.

43. Given the composition and size of the class, members of the collective may be informed of the pendency of this action directly via U.S. mail, e-mail, and by posting notice at Defendant's Pascagoula, Mississippi facility.

44. Plaintiffs and the collective's unpaid overtime compensation claims may be determined

partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act)

45. Plaintiffs incorporate by reference all preceding paragraphs as fully as if written herein.

46. At all times material, Plaintiff and the collective have been entitled to the rights, protections, and benefits provided under the FLSA.

47. Defendant has been an "employer" engaged in interstate commerce for purposes for the FLSA. Plaintiff and the collective also have engaged in interstate commerce as Defendant's employees during all times material to this action.

48. Plaintiff and the collective have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times.

49. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

50. Through its actions, plans, practices, and de facto policies, Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and the collective for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

51. Defendant's actions were willful with reckless disregard of clearly applicable FLSA provisions.

52. Defendant's actions were not in good faith.

53. These claims are unified through common theories of Defendant's FLSA violations.

54. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and the collective have suffered and will continue to suffer a loss of income and other damages.

55. Therefore, Defendant is liable to Plaintiff and the collective for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individual and on behalf of the collective, requests the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and the collective all unpaid overtime compensation;

b) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

c) Award Plaintiff and the collective liquidated damages in accordance with the FLSA;

d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award Plaintiff and the collective reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Enter an Order designating this action as an opt-in collective action under the FLSA;

h) Enter an Order directing the issuance of notice pursuant to 29 U.S.C. § 216(b) for the claims of the collective;

i) Allow Plaintiff to amend this Complaint, if necessary, as new facts are discovered;

j) Provide additional general and equitable relief to which Plaintiff and the collective may be entitled; and

k) Provide further relief as the Court deems just and equitable.

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: August 5, 2022.                              Respectfully Submitted,

<u>/s/ Garner J. Wetzel</u>
James K. Wetzel, MB #7122
Garner J. Wetzel, MB #103596
Wetzel Law Firm
Post Office Box I
Gulfport, MS 39502
Tel: (228) 864-6400
Fax: (228) 863-1793
Email: jkwetzel@wetzellawfirm.com
gjwetzel@wetzellawfirm.com

&

<u>/s/ Robert E. Morelli, III</u>
Robert E. Turner, IV (TN BPR #35364)*
Robert E. Morelli, III (TN BPR #37004)*
**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFFS***

*\*Pro Hac Vice admission anticipated*